UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY HART

CIVIL ACTION

VERSUS

NO. 25-1548

SUNBELT SUPPLY, L.L.C.

SECTION "R" (1)

## ORDER AND REASONS

Before the Court is plaintiff Gary Hart's motion to modify the scheduling order to extend the discovery and dispositive motions deadlines.[1] Defendant Sunbelt Supply, L.L.C. opposes the motion.[2] For the following reasons, the Court denies the motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (cleaned up). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).

---

[1]     R. Doc. 23.
[2]     R. Doc. 35.

The Court finds that Hart has not met the good cause standard here. *See S&W Enters.*, 315 F.3d at 535.  The record reflects that Hart has not been diligent in his pursuit of discovery, such as seeking additional witness depositions of known witnesses just two weeks before the discovery deadline.[3]  Further, the deadlines Hart seeks to modify have already passed, and both parties have already submitted dispositive motions.  Finally, resetting the deadlines at this stage would prejudice the defendant and likely require resetting the trial.

For the foregoing reasons, the Court DENIES the motion to modify the scheduling order for lack of good cause.

New Orleans, Louisiana, this 8th day of June, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[3]    R. Doc. 35 at 3.