**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| GARY HART,<br>  Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. 2:25-cv-1548 |
| | § | Section: R(1) |
| vs. | §<br>§ | Judge Sarah S. Vance |
| | § | |
| SUNBELT SUPPLY, L.L.C., | § | Magistrate Judge |
|   Defendant. | §<br>§ | Janis van Meerveld |

## Defendant's memorandum in support of opposed Motion for brief continuance of trial setting

Defendant Sunbelt Supply, L.L.C. ("Sunbelt") files this Memorandum in Support of the Opposed Motion for Brief Continuance of the Trial Setting due to an unavoidable trial conflict. In support thereof, Sunbelt respectfully shows the Court as follows:

## Background

This case is presently set for trial during the week beginning August 10, 2026, at 8:30 a.m. pursuant to the Court's Scheduling Order. *See* Doc. 17. Sunbelt's undersigned counsel, Jonathan A. Beckerman, has a conflicting trial setting in *Waldron v. Erbe USA, Inc.*, Case No. 1:24-cv-04580-ELR-CMS, pending in the United States District Court for the Northern District of Georgia.

The *Waldron* case was filed prior to this action and has progressed further procedurally. On May 26, 2026, that matter was specially set for a jury trial on Monday, August 10, 2026, at 9:00 a.m. Eastern Daylight Time, and is expected to last approximately four to five days. *See* Doc. 39. The trial setting in *Waldron* falls on the same date as the current trial setting in this case—indeed, the trials begin thirty minutes apart—creating a direct and unavoidable scheduling conflict for counsel.

The *Waldron* trial was specially set due in part to the unique scheduling constraints of opposing counsel, who resides internationally in Portugal, making rescheduling in that case particularly difficult. Additionally, the *Waldron* case has already proceeded past summary judgment, whereas dispositive motions and a settlement conference remain pending in this matter.

Accordingly, the *Waldron* case is at a more advanced stage of litigation and is in a posture that necessitates maintaining its current trial setting.

Given the simultaneous trial settings in two federal courts and the nature of the *Waldron* setting, Sunbelt's counsel cannot reasonably appear in both matters. Sunbelt therefore seeks a brief continuance of this case. Specifically, **Sunbelt requests that this matter be rolled to the Court's next available trial setting, rather than requesting any lengthy delay**. (emphasis added).

2

## ARGUMENT

A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b)(4). District courts have broad discretion in determining whether to grant a continuance. *See HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000).

Good cause exists to continue the trial setting in this case. The conflict arises from a previously filed federal case that is specially set for jury trial on the exact same date and time. Courts routinely recognize that conflicting trial settings, particularly where one matter is earlier filed and specially set, constitute a valid and compelling basis for continuance.

The requested continuance is also important to the fair and orderly administration of justice. Sunbelt's counsel cannot simultaneously try two jury cases in different federal jurisdictions. Proceeding without continuance would significantly prejudice Sunbelt's ability to present its case with its selected counsels and would undermine the integrity of the trial process.

Further, the requested relief will not unduly prejudice any party. This case remains less procedurally advanced than the *Waldron* matter, as summary judgment is still pending here. A short continuance will allow the case to proceed on a complete and thoughtful record without materially impacting the parties' positions.

Finally, the requested continuance is limited in scope. Sunbelt seeks only to reset the case to the Court's next available trial docket, which will adequately resolve the conflict while minimizing disruption to the Court and the parties.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Sunbelt Supply, L.L.C. respectfully requests that the Court grant this Motion for Brief Continuance, remove this case from the current trial setting beginning August 10, 2026, and reset it for the next available trial term. Defendant further requests such other and further relief to which it may be justly entitled.

Respectfully Submitted,

*/s/ Jonathan Beckerman*
Jonathan Beckerman, Esq. (*Admitted Pro Hac Vice*)
Texas Bar No. 24068433
Jonathan.Beckerman@lewisbrisbois.com
Nathan Jacob, Esq. (*Admitted Pro Hac Vice*)
Nathan.jacob@lewisbrisbois.com
**Lewis Brisbois Bisgaard & Smith LLP**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 659-6767
Facsimile: (713) 759-6830

Jeffrey A. Riggs, Esq. (17770)
Jeff.Riggs@lewisbrisbois.com
**Lewis Brisbois Bisgaard & Smith LLP**

100 East Vermillion Street, Suite 300
Lafayette, LA 70501
Telephone: (337) 205-4532
Facsimile: (337) 504-3341

*Attorneys for Sunbelt Supply L.L.C.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant conferred with counsel for Plaintiff on June 25, 2026 regarding the relief requested in this Motion, and Plaintiff is **opposed** to the requested continuance.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was served on all counsel via the Court's ECF filing system on the 1st day of July, 2026.

*/s/ Jonathan Beckerman*
Jonathan Beckerman