**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARY HART** | **CIVIL NO. 22:25-cv-1548** |
| **Plaintiff,** | |
| **v.** | **SECTION: R(1)** |
| **SUNBELT SUPPLY, L.L.C.** | **JUDGE: VANCE** |
| **Defendant.** | **MAGISTRATE: VAN MEERVELD** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE THE TRIAL DATE**

Plaintiff, Gary Hart (hereinafter "Hart" or "Plaintiff"), respectfully requests the Court deny Sunbelt Supply, L.L.C.'s (hereinafter "Sunbelt" or "Defendant") Motion to Continue the Trial Date of August 10, 2026. (R. Doc. 40). Sunbelt has not demonstrated the good cause required under Federal Rule of Civil Procedure 16(b)(4). The procedural posture and timeline of filings in this case weigh against any continuance.

Sunbelt filed its Motion to Continue the trial date on July 26, 2026, a month after its conflicting trial was specially set on May 26, 2026. Notably, Plaintiff requested an extension of the discovery deadline in this case by Motion on May 19, 2026 (R. Doc. 23) that Defendant opposed on **June 2, 2026**. Sunbelt's Opposition to the motion for an extension of the discovery deadline, (R. Doc. 35), was filed *after* it had notice of a conflicting trial date. In its Opposition, Sunbelt states it has "litigated this case in reliance on the Court's scheduling order" and the requested extension would "disrupt the trial setting." Had Sunbelt's counsel conferred with Plaintiff's counsel in good faith, the parties could have jointly agreed to a continuance of the trial date and an extension of deadlines in the scheduling order. Instead, Sunbelt sat on its conflicting trial date for a month so that it could oppose an extension of the discovery deadline and get a ruling on that motion.

1

The scheduling conflict Sunbelt identifies is a problem of its own making: Sunbelt has three attorneys of record in this case, any one of whom could represent it at trial on August 10, 2026. Moreover, a continuance would cause real and concrete prejudice to Plaintiff, whose wages have remained unpaid since November 2024. For these reasons, the Motion should be denied.

## ARGUMENT

### A.  Sunbelt Has Not Established Good Cause Under Rule 16(b)(4).

A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). The good cause standard focuses on the diligence of the moving party. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). The conference scheduling the trial date in this matter was held on October 23, 2025. Sunbelt's Notice of Conflict states its conflicting trial was not scheduled until May 26, 2026. As the prior scheduled trial, Plaintiff's trial should move forward as scheduled.

Sunbelt's entire basis for a continuance is that its lead counsel, Jonathan A. Beckerman, has a conflicting trial in the Northern District of Georgia. But Sunbelt has three attorneys of record in this case: Mr. Beckerman, Nathan Jacob, and Jeffrey A. Riggs. Sunbelt makes no showing that Messrs. Jacob or Riggs are unavailable to try this case on August 10, 2026, or that they are in any way unprepared to do so. In fact, the scheduling conference in which the August 10 date was selected was participated in by Jeffrey Riggs and Nathan Jacob for Sunbelt. The mere preference to be represented by a particular lawyer among multiple counsel of record does not satisfy the good cause requirement in Fed. R. Civ. P. 16(b)(4). There is no disadvantage to defendants when all defense counsel have been well prepared to try the case. *U.S. v. Mitchell*, 777 F.2d 248, 255 (5th Cir. 1985); *Van Acker v. Van Acker*, (La. App. 4 Cir. 1971), 246 So.2d 715.

### B.  A Continuance Would Cause Concrete Prejudice to Plaintiff.

Sunbelt asserts that a "brief" continuance will not unduly prejudice any party. That characterization ignores the reality facing Plaintiff Gary Hart. The wages at issue in this case have been owed and unpaid since November 2024. As of the August 10, 2026 trial date, Plaintiff will have waited nearly two years for resolution of his claim. Any further delay only prolongs that financial harm to an individual plaintiff who, unlike a corporate defendant, cannot simply absorb the cost of waiting. Hart is a retired senior citizen on a fixed income, who was relying on the percentage of sales contribution commission, that Sunbelt unlawfully withheld, in preparing for retirement.

Sunbelt describes its requested continuance as "brief" and represents that it seeks only to roll the case to the "next available" trial setting. In the Eastern District of Louisiana, the next available trial date following August 2026 may not be available for quite some time. What Sunbelt frames as a minor scheduling adjustment could translate into months or more of additional delay for a plaintiff awaiting unpaid wages.

### C.  The Procedural Posture of This Case Does Not Support Continuance.

Sunbelt argues that this case is less procedurally advanced than the *Waldron* matter and that a continuance will allow it to "proceed on a complete and thoughtful record." But the pendency of dispositive motions and a settlement conference here is, if anything, a factor that weighs against continuance. Those proceedings are not unusual for a case approaching trial.

The scheduling order in this case was entered after the Court considered the needs of both parties. Sunbelt provides no reason why the Court's considered schedule should now be discarded to accommodate a conflict created by Sunbelt's counsel's own case management decisions. In particular, the scheduling order should not be modified when Sunbelt sat silently on its conflicting

3

trial date for a month so that it could oppose an extension of the discovery deadline on June 2 and get a ruling on that motion.

## CONCLUSION

For the foregoing reasons, Plaintiff Gary Hart respectfully requests that the Court deny Defendant's Motion for Brief Continuance of the Trial Setting and maintain the August 10, 2026 trial date.

Respectfully submitted,

**BUSINESS LAW GROUP, LLC**

By: */s/ Megan Kelley*
Amanda J. Butler (T.A.) (Bar No.31644)
Megan W. Kelley (Bar No. 37189)
abutler@lawgroup.biz
mkelley@lawgroup.biz
900 Camp Street, Suite 403 (Physical)
New Orleans, Louisiana 70130
3436 Magazine Street, #8012 (Mailing)
New Orleans, LA 70115
Telephone: (504) 446-6506
**Counsel for Plaintiff**

CERTIFICATE OF SERVICE

I certify that the foregoing pleading was served on all counsel of record via this Court's electronic filing system.

*/s/ Megan Kelley*

4